**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.  1:11-cv-21525-KMM

LIBERTY MEDIA HOLDINGS, LLC

>      Plaintiff,

v.

BITTORRENT SWARM, et al.,

>      Defendants.

_____/

**PLAINTIFF'S MOTION FOR**
**AMENDMENT OF SEVERANCE ORDER**

Plaintiff, Liberty Media Holdings ("Liberty"), respectfully moves for an amendment to the Court's Order of November 1, 2011 (Doc. No. 58), severing all defendants but Defendant Travis King.  Liberty respectfully requests that the Order be amended to severe all defendants except Defendants John Doe 19, Kelvin McMillan, Daniel Hendrix, and Giancarlo Blandon.  In support of its motion, Liberty states as follows:

1.      On May 2, 2011, Liberty filed its Complaint alleging copyright infringement by a number of unidentified defendants over the Internet.  (Doc. No. 1.)  Contemporaneously with the filing of its Complaint, Liberty asked this Court for permission to conduct discovery to determine the identities of those parties who were engaged in the rampant and unhindered theft of its intellectual property.  (Doc. No. 5.)

2.      On June 22, 2011, an identified party filed a motion to quash Plaintiff's subpoena seeking account information for the internet protocol ("IP") address used by John Doe 19.  (Doc. No. 10.)  Based on the information that is available to it, Liberty has formed a good-faith belief that John Doe 19 resides in Hollywood, Florida, which is within this judicial district.

3.      After diligently pursuing the task of tracking down and contacting the parties to whom each internet protocol ("IP") addresses identified by Plaintiff as being used to pirate its copyrighted work, a number of defendants were voluntarily dismissed as either not identifiable after good-faith investigation or willing to engage in settlement of Liberty's claims.

4.      On September 20, 2011, Plaintiff filed its First Amended Complaint identifying by name those defendants who were identified as culpable but unwilling to settle their liability. (Doc. No. 39.)  Thereafter, Plaintiff set about the task of serving its First Amended Complaint and Summons on the named defendants.  As of November 1, 2011, four of five named defendants had been served, and three of the four had missed their deadline to file a responsive pleading.  Those three defaulting defendants are Kelvin McMillan, Daniel Hendrix, and Giancarlo Blandon.

5.      Plaintiff has filed its requests for entry of a clerk's default against Defendants Daniel Hendrix and Giancarlo Blandon on October 24, 2011.  (Doc. Nos. 55 & 56.)  Plaintiff was preparing to file its request for entry of a clerk's default against Kelvin McMillan on November 1, 2011, as his deadline to file a responsive pleading expired on October 31, 2011.

6.      On November 1, 2011, this Court entered a *sua sponte* Order severing all but one defendant, John Doe 1, from the instant action.  (Doc. No. 40.)  In particular, the Court ruled that joinder of the remaining six defendants in one action would present significant logistical burdens associated with varying defenses, service of orders and party filings, and the numerosity of parties and their attorneys appearing at depositions and hearings.

7.      However, if the instant action is to proceed against only one defendant, this will necessarily raise issues of venue that were not present in Liberty's initial complaint as filed, especially where the remaining defendant does not reside in this judicial district.  Although

Liberty has not yet successfully served Defendant Travis King, the weight of information known thus far indicates that King likely resides in Gainesville, Florida, which is in the Northern District of Florida.

8.      Accordingly, the Court's severance order will likely result in a full dismissal of Liberty's claims, even as to Travis King, if left unaltered.

9.      John Doe 19 has attempted to make an anonymous appearance in the action, demonstrating his willingness to litigate the merits of Liberty's claims. Further, if Liberty were to proceed against a single defendant, John Doe 19 would be an appropriate party, as he resides in this judicial district, and joinder would not be necessary to establish this judicial district as the proper venue.

10.      Therefore, as between Travis King and John Doe 19, Liberty's claims against John Doe 19 are more properly heard by this honorable Court.

11.      Furthermore, Liberty respectfully asserts that the Court's logistical concerns are all necessarily eliminated with respect to those defendants who have been contacted on several occasions concerning Liberty's claims, been served with Liberty's First Amended Complaint, and affirmatively demonstrated their unwillingness to participate in this action by choosing not to respond.

12.      Defendants Kelvin McMillan, Daniel Hendrix, and Giancarlo Blandon have all received adequate notice of this action to satisfy due process, and each has failed to make any effort to appear and establish his defenses to the merits of Liberty's claims. Accordingly, pursuant to Federal Rule of Civil Procedure 5(a)(2) and 8(b)(6), these defaulting defendants have admitted all substantive allegations in Plaintiff's First Amended Complaint and are not entitled to service of further documents in this action. Accordingly, there is no danger that each will

raise a different defense or present difficulties associated with appearance at depositions or hearings.

13.     Liberty contends that refilling, re-serving, and again waiting for Defendants Kelvin McMillan, Daniel Hendrix, and Giancarlo Blandon to default a second time constitutes a waste of judicial and party resources, placing a particularly heavy burden upon Liberty who has diligently prosecuted its legal claims against these copyright scofflaws.

WHEREFORE, Plaintiff Liberty Media Holdings, LLC, respectfully moves this Court for an amendment of its Order severing all defendants except Travis King.  Liberty hereby requests that the Order be revised to leave John Doe 19 as a defendant in the instant action.  In addition, Plaintiff respectfully requests that it be allowed to proceed in pursuing a default judgment against Defendants Kelvin McMillan, Daniel Hendrix, and Giancarlo Blandon, who have failed to make any appearance after being served with the First Amended Complaint and Summons in this action.  Plaintiff asserts that the Court's concerns with logistics, which would otherwise justify a severance of these defaulting defendants, are entirely eliminated by their acceptance of all allegations.

Dated:  November 1, 2011

Respectfully submitted,

RANDAZZA LEGAL GROUP
2 South Biscayne Blvd, Suite 2600
Miami, Florida 33131-1815
Telephone:  (305) 479-2491
Facsimile:  (305) 397-2772

_s/Jason A. Fischer_
Marc J. Randazza (625566)
mjr@randazza.com
Jason A. Fischer (68762)
jaf@randazza.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 1st day of November, 2011, a true and correct copy of

the foregoing has been served by U.S. Mail upon all counsel or parties of record appearing in the

Service List below.

*s/Jason A. Fischer*

## SERVICE LIST

Travis King
2735 SW 35th Place, Apt. 1702
Gainesville, Florida 32608

Antony Caplick
c/o Scott E. Siverson, Esq.
7380 Sand Lake Road, Suite 500
Orlando, Florida 32819

Unidentified Motion to Quash Filer
c/o Comcast Legal Center
650 Centerton Road
Moorestown, New Jersey 08057